UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

ELECTRONICALLY
FILED
Jun 30 2017
U.S. DISTRICT COURT
Northern District of WV

SARAH J. BANKS, and MARY M. SIMMONS, )
)
    Plaintiffs, )
)
v. )   Civil Action No. 2:17-CV-94 (Bailey)
)
VANDERBILT MORTGAGE AND FINANCE, )
INC.; CMH HOMES, INC. d/b/a/FREEDOM )
HOMES BUCKHANNON; AMERICAN BANKERS )
INSURANCE COMPANY OF FLORIDA, INC., and )
HOMEFIRST AGENCY, INC. )
)
    Defendants. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, 1332, 1441 and 1446, Defendant Vanderbilt Mortgage and Finance, Inc. (hereinafter "VMF"), by its counsel, Carrie Goodwin Fenwick, Lucas R. White, and Goodwin & Goodwin, LLP, hereby gives notice of the removal of this case from the Circuit Court of Barbour County, West Virginia to the United States District Court for the Northern District of West Virginia, Elkins Division.[1] This removal is filed with the consent of the other Defendants, as explained below. The grounds for removal of the lawsuit to this Court are as follows:

**I.   Background.**

1.    Plaintiffs filed their Complaint in the Circuit Court of Barbour County, West Virginia on or about May 24, 2017. *See* "Exhibit A" (copy of the date-stamped Complaint, docket sheet, and a copy of all process, pleadings, and orders served upon VMF in this action).

---

[1] By filing this Notice of Removal or consenting to Removal, Defendants do not waive, and, in fact, specifically reserve all applicable defenses, objections, and rights in this action, including the right to compel any claims to arbitration, Rule 12(b) and affirmative defenses, and any other rights, defenses, and objections allowed under applicable law. Furthermore, Defendants do not admit any allegations of the Complaint by filing or consenting to this Notice of Removal.

2. The Summons and Complaint were served upon VMF on or about June 13, 2017. *See* "Exhibit A."

## II. Venue is Proper in this District and Division.

3. The Circuit Court of Barbour County, West Virginia is located within this federal Court district and division. Accordingly, venue is proper in the district pursuant to 28 U.S.C. § 1441.

## III. Diversity of Citizenship.

4. Plaintiffs Sarah J. Banks and Mary M. Simmons are residents of the State of West Virginia and, upon information and belief, are residents of Barbour County, West Virginia.

5. Defendant VMF is a Tennessee corporation with its principal place of business in Maryville, Tennessee.

6. Defendant CMH Homes, Inc. (hereinafter "CMH") is a Tennessee corporation with its principal place of business in Maryville, Tennessee.

7. Defendant American Bankers Insurance Company of Florida, Inc. (hereinafter "American Bankers") is a Florida corporation with its principal place of business in Miami, Florida.

8. Defendant HomeFirst Agency, Inc. (hereinafter "HomeFirst") is a Delaware corporation with its principal place of business in Maryville, Tennessee.

9. Under 28 U.S.C. § 1332(c)(1), corporations such as VMF and the other Defendants "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010); *See Peebles v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 431 F.3d 1320, 1325 (11th Cir. 2005). Complete diversity of citizenship between the Plaintiffs and Defendants exists in this matter, as

required by 28 U.S.C. § 1332, because while the Plaintiffs are both residents of West Virginia, none of the Defendants are residents of West Virginia.

### IV. The Amount in Controversy.

10. For removal purposes, the amount in controversy must be established by a preponderance of the evidence showing "that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Sayre v. Potts,* 32 F.Supp.2d 881, 886 (S.D.W.Va. 1999). The amount in controversy can be stablished by a "pleading, motion, order or other paper." 28 U.S.C. 1446(b). The *ad damnum* clause of the Plaintiffs' Complaint does not state the monetary value of the relief sought. In such instances, the amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Sayre v. Potts,* 32 F.Supp.2d 881, 886 (S.D.W.Va. 1999). "The Courts have long held that the question of jurisdictional amount for purposes of removal is controlled by the allegations of plaintiff's complaint as those allegations exist at the time the petition for removal is filed." *Hicks v. Universal Housing, Inc.,* 792 F.Supp. 482, 484 (S.D.W.Va. 1992). Amount in controversy "is measured not by the monetary result of determining the principle involved, but by the judgment's pecuniary consequence to those involved in the litigation." *Thomson v. Gaskill,* 315 U.S. 442, 447 (1942). Accordingly, in cases where a plaintiff seeks to void a debt, the amount in controversy includes "all interest charged or contracted to be charged under the notes." *Duderwicz v. Sweetwater Sav. Assoc.,* 595 F.2d 1008, 1014 (5th Cir. 1979).

11. Based on the Plaintiffs' Complaint, the matter in controversy – exclusive of interest and costs – exceeds the sum of $75,000.00. The Complaint alleges several counts against some or all of the Defendants that relate to the purchase of a manufactured home and insurance claims regarding the manufactured home. The Complaint alleges the following counts:

  a.  Count One: "Unconscionable Inducement" against all Defendants;

  b.  Count Two: "Fraud – Suppression" against all Defendants;

  c.  Count Three: "Fraud – Misrepresentation" against all Defendants;

  d.  Count Four: "Fraud as a Contract Defense" against all Defendants;

  e.  Count Five: "Breach of Contract" against CMH Homes/Freedom Homes and VMF.

  f.  Count Six: "Breach of Warranty" against CMH Homes/Freedom Homes and VMF.

  g.  Count Seven: "Breach of Contract and 'Bad Faith'" against American Bankers and HomeFirst.

  h.  Count Eight: "Fraud- Misrepresentations" against American Bankers and HomeFirst.

  i.  Count Nine: "Estoppel" against American Bankers and HomeFirst.

12. The Plaintiffs seek a variety of relief from Defendants, including equitable relief, actual and punitive damages, "set-off," declaratory relief, and attorneys' fees. *See* "Exhibit A" (Complaint). More specifically, Plaintiffs seek to have the contract for the purchase of their manufactured home, the Retail Installment Contract and Disclosure Statement ("RIC"), declared unenforceable and void. Under the terms of the RIC, Plaintiffs agreed to the purchase of a manufactured home for a financed purchase price of $41,768.21 in monthly installments of $436.85 per month for a period of 20 years, amounting to a total sum of $94,301.60. *See* "Exhibit B" (RIC), p. 2. Accordingly, voiding of the RIC as sought by Plaintiffs would result in a pecuniary consequence of over $75,000.00. *See Thomson*, 315 U.S. at 447; *Duderwicz*, 595 F. 2d at 1014.

4

13. Plaintiffs also seek an award of compensatory damages for damages to their manufactured home, an award of compensatory damages for "physical damage" to their person and for having suffered "emotional distress," and in four of the nine counts they seek an award of punitive damages. In determining the amount in controversy for purposes of diversity jurisdiction, courts are to consider a plaintiff's request for punitive damages. *Gordon v. National Business Consultants, Inc.* 856 F.2d 186 (4th Cir. 1988); *Klepper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990). Based on Plaintiffs' demands to void a debt of over $75,000.00 and recover compensatory, punitive, and emotional distress damages as well as attorneys' fees, it is clear from the face of the Complaint that the $75,000.00 threshold for amount in controversy has been met.

14. Generally, the amount in controversy can be established by a "pleading, motion, order or other paper." 28 U.S.C. 1446(b). Pre-suit demand letters constitute "other paper" under 28 U.S.C. § 1446(b) and are admissible evidence of the amount in controversy at the time of the removal. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). On April 10, 2017, counsel for Plaintiffs sent a written demand to representatives of VMF and other Defendants demanding removal of Plaintiffs' manufactured home (with nullification of the RIC), $8,500 in attorneys' fees, **and** "$80,000 cash to Plaintiffs for their illnesses, fear of injury from fire, and damage to credit." *See* "Exhibit C" (April 10, 2017 email from counsel for Plaintiffs to representatives of VMF and the other Defendants). Conversely, Plaintiffs demanded a new home, a reduction of the balance of the RIC by $30,000.00, "$40,000 cash to Plaintiffs for their illnesses, fear of injury from fire, and damage to credit," **and** $8,500.00 in attorneys' fees, resulting in a monetary demand of a new home and $78,500.00. *See* "Exhibit C" (April 10, 2017 email from counsel for Plaintiffs

5

to representatives of VMF and the other Defendants). Therefore, Plaintiffs' own demand letter demonstrates that the $75,000.00 amount in controversy threshold has been met.

### IV. There is Diversity Subject Matter Jurisdiction.

15. This Court has original subject matter jurisdiction over this action pursuant to the diversity statute codified at 28 U.S.C. § 1332, which provides, in pertinent part, that the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1); *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harnden v. Jayco, Inc.,* 496 F.3d 579, 581 (6th Cir. 2007). *See Ford Motor Co. v. United States,* 688 F.3d 1319, 1323 (Fed. Cir. 2012). Because, as shown above, there is complete diversity of citizenship in that no Defendant is a citizen of the same state as the Plaintiffs, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, the requirements of subject matter jurisdiction are met.

### V. Timeliness of Removal.

16. This Notice of Removal is filed with this Court within thirty (30) days after receipt by VMF of a copy of the Summons and Complaint. All other Defendants have consented to removal. *See* "Exhibit D" (Consents to Removal).

### VI. The Other Requirements for Removal Are Met.

17. In conjunction with the filing of this Notice of Removal, VMF has both mailed written notice of the filing of this Notice of Removal to all parties; and mailed a true and accurate copy of this Notice of Removal to the Clerk for the Circuit Court of Barbour County, West Virginia as required by 28 U.S.C. § 1446(d).

18. Defendant VMF will meet the requirements of Rule 81(c), Fed. R. Civ. P., and will timely file its Answer by filing it within seven days after the notice of removal is filed. *See* Rule 81(c)(2)(C).

19. If any question arises as to the propriety of the removal of this civil action, VMF requests the opportunity to present a brief and oral argument in support of its petition that this civil action is removable.

WHEREFORE, Defendant VMF removes to this Honorable Court the action currently pending in the Circuit Court of Barbour County as Civil Action Number 17-C-25.

Respectfully submitted,

**VANDERBILT MORTGAGE AND FINANCE, INC.,**

**By Counsel**

/s/ Lucas R. White
Carrie Goodwin Fenwick (W. Va. Bar No. 7164)
Lucas R. White (W. Va. Bar No. 12501)
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
Charleston, West Virginia 25301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

SARAH J. BANKS, and MARY M. SIMMONS,   )
                                         )
    Plaintiffs,                          )
                                         )
v.                                       )   Civil Action No. 2:17-CV-94 (Bailey)
                                         )
VANDERBILT MORTGAGE AND FINANCE,         )
INC.; CMH HOMES, INC. d/b/a/FREEDOM      )
HOMES BUCKHANNON; AMERICAN BANKERS       )
INSURANCE COMPANY OF FLORIDA, INC., and  )
HOMEFIRST AGENCY, INC.                   )
                                         )
    Defendants.                          )

**CERTIFICATE OF SERVICE**

    I, Lucas R. White, hereby certify that I have served a true and correct copy of the foregoing **Notice of Removal** on this 30th day of June, 2017, via one or more of the following methods: (1) electronic notification through the Court's CM/ECF system, and/or (2) deposition true copies in the U.S. Mail, postage prepaid, addressed as follows:

Michael Nissim-Sabat
Jennifer S. Wagner
Mountain State Justice, Inc.
215 S. Third Street, Suite 901
Clarksburg, WV 26301
*Counsel for Plaintiffs*

/s/ Lucas R. White
Lucas R. White (W. Va. Bar No. 12501)